## STATE v. WASH BRYANT.

(Filed 20 October, 1920.)

**1. Homicide—Criminal Law—Instructions—Murder—Manslaughter—Appeal and Error.**

Where there are facts in evidence tending to reduce the crime to manslaughter, and the prisoner is tried under an indictment for murder, it is the duty of the trial judge to submit this view of the case to the jury under a correct charge, and his failure to do so will constitute reversible error, though the defendant may have been convicted of the higher offense.

**2. Same—Prayers for Instructions.**

Where, upon the trial for murder, there are facts in evidence permitting the inference that the homicide was not intentional, but was unintentionally caused by the defendant's careless use of his pistol, in a culpably negligent manner, a charge of the court to the jury which makes no reference to the offense of manslaughter, and ignores a special request presenting these principles, is reversible error.

**3. Homicide— Criminal Law— Instructions— Statutes — Murder — Manslaughter.**

Where the defendant is being tried under an indictment for murder, and there is evidence, in his behalf, tending to show that the crime was of the less offense of manslaughter, a charge of the court to the jury which gives no instructions pertinent to these respective positions, or otherwise as to what may constitute either murder or manslaughter, is erroneous in not sufficiently complying with our statute, Rev., 535, requiring that the court shall declare and explain to the jury the law pertaining to the facts in evidence.

**4. Criminal Law— Verdicts— Murder— Lesser Offense—Manslaughter—Statutes.**

While a general verdict of "guilty" on a trial for murder may be considered in connection with the evidence and the charge a sufficient compliance with our statute, the profession and officials engaged in trials of this supreme importance are admonished that verdicts should be rendered in the precise form required by the statute, and specify in terms the degree of the crime of which the prisoner is convicted. Rev., 3271.

INDICTMENT for murder, tried before *Bond, J.,* at May Term, 1920, of HARNETT.

In apt time the State announced that it would not ask for a verdict of murder in the first degree, and thereupon, and on plea of not guilty, there was evidence on the part of the State to the effect that in January, preceding the finding of the bill of indictment, defendant shot and killed his wife, Ida Bryant, and under circumstances that would make such killing murder in the second degree, as claimed by the State.

There was evidence on the part of the defendant that at the time of the occurrence the defendant, whose corn crib, situate some distance off,

had been broken into, stepped to the window of the house and asked his
wife to hand him his pistol, and in doing so it was accidentally dis-
charged, causing her death.

On these opposing positions the issue was submitted to the jury, who
rendered their verdict of "Guilty."

Judgment that defendant be imprisoned for the term of 12 years in
the State's prison, and defendant excepted and appealed, assigning
errors.

*Attorney-General Manning and Assistant Attorney-General Nash for
the State.*
*Young & Best for defendant.*

HOKE, J.    It has been held in numerous decisions with us that "Where
on an indictment for murder there are facts in evidence tending to reduce
the crime to manslaughter, it is the duty of the presiding judge to
submit this view of the case to the jury, under a correct charge, and
his failure to do so will constitute reversible error, though the defendant
may have been convicted for the higher offense."   *S. v. Merrick,* 171
N. C., 788-791, citing *S. v. Clyde Kennedy,* 169 N. C., 289; *S. v. Kendall,*
143 N. C., 654 and 664; *S. v. White,* 138 N. C., 704 and 715; *S. v.
Foster,* 130 N. C., 666-673; *S. v. Jones,* 79 N. C., 630; *S. v. Matthews,*
148 Mo., 185; *Baker v. The People,* 40 Mich., 411.    That opinion then
quotes from *Kendall's case,* as follows:   "It is a principle very generally
accepted that on a charge of murder, if there is any evidence to be con-
sidered by the jury which tends to reduce the crime to manslaughter, the
prisoner, by proper motion, is entitled to have this aspect of the case
presented under a correct charge, and if the charge given on this ques-
tion is incorrect, such a mistake will constitute reversible error, even
though the prisoner should be convicted of the graver crime, for it cannot
be known whether, if the case had been presented to the jury under a
correct charge, they might not have rendered the verdict for the lighter
offense."

And from *Foster's case:*   "If it had been clearly explained to the jury
what constituted murder in the second degree, of which, through his
counsel, he had admitted himself to be guilty, it may be that the jury
would have coincided with that view; but in the absence of instruction
on that offense, with only the issue of murder in the first degree placed
before them with instructions only as to that offense, with evidence of
the homicide, it may well be that the jury held against the prisoner,
that he was guilty, simply because they were not informed as to the
constituent elements of the lesser offense."    And *Jones' case, supra,* is
also referred to as a direct authority for the position as stated.

In the present case, there were facts in evidence on the part of the defendant permitting the inference that the homicide was not intentional, but may have been the result of culpable negligence on the part of the defendant, and so amounting only to the crime of manslaughter. *S. v. Stitt,* 146 N. C., 643; *S. v. Vines,* 93 N. C., 493.

A perusal of the record will disclose that not only is there no reference to the offense of manslaughter in the charge, but a special request for instructions presenting the question was refused or ignored by his Honor, and for this error the issue must be referred to another jury.

In *Stitt's case, supra,* it was held, among other things, that: "Before a conviction for murder can be had, an unlawful and intentional taking of another's life must be shown or imputed, as is sometimes the case, by reason of the killing with a deadly weapon, or under circumstances which indicate a reckless indifference to human life."

And on the record the charge is objectionable further in that it gives to the jury no instructions pertinent to these respective positions or otherwise as to what may constitute either murder or manslaughter, and is not a sufficient compliance with the statute applicable (Rev., 535), requiring that the court shall declare and explain the law appertaining to the facts in evidence.

Defendant excepts, also, for that the jury have rendered a general verdict of "guilty" without specifying the degree of the crime as directed by sec. 3271 of the Revisal.

We have held in several decisions on the subject that a verdict of that kind may be considered a sufficient compliance with the statute when the degree of the crime can be clearly ascertained by reference to the evidence in the case and the charge of the court (*S. v. Wiggins,* 171 N. C., 817-818, and authorities cited), but we deem it not amiss to again admonish the profession and officials engaged in trials of this supreme importance, that the verdict should be rendered in the precise form that the statute requires; that is, to specify in terms the degree of the crime of which the prisoner is convicted. *S. v. Murphy,* 157 N. C., 614.

For the reasons stated, there must be a new trial of the case, and it is so ordered.

New trial.