STATE OF NORTH CAROLINA v. GEORGE LEE REDFERN

No. 116

(Filed 7 December 1976)

1. Homicide § 6— involuntary manslaughter defined

Involuntary manslaughter is the unintentional killing of a human being without malice, proximately caused by (1) an unlawful act not amounting to a felony nor naturally dangerous to human life, or (2) a culpably negligent act or omission.

2. Criminal Law § 115— necessity for charging on lesser-included offense

The trial judge must instruct the jury as to a lesser-included offense of the crime charged when there is evidence from which the jury could find that defendant committed the lesser offense; however, when all the evidence tends to show that the accused committed the crime charged and there is no evidence of guilt of a lesser-included offense, the court correctly refuses to charge on the unsupported lesser offense.

3. Homicide § 30— second degree murder case — failure to charge on involuntary manslaughter

The trial court in a prosecution for second degree murder did not err in failing to charge on the lesser-included offense of involuntary

manslaughter where all the evidence, including defendant's own testimony, showed that deceased was fatally wounded when defendant intentionally discharged his pistol under circumstances naturally dangerous to human life, although defendant testified that he did not intend to hit deceased when he shot.

APPEAL by defendant from *Albright, J.,* at the 21 April 1976 Session of CABARRUS Superior Court.

Defendant was charged in a bill of indictment with first-degree murder. The State elected to proceed on the lesser-included offense of second-degree murder.

The State's evidence tended to show that on the night of 17 January 1976 three persons, including Charles McMillian, were seated in the kitchen of defendant's home. Defendant, who was in the bedroom, turned off all the lights in the house for a brief moment. When defendant returned to the kitchen, McMillian asked him why he had turned off the lights. Defendant responded, "This is my goddam house," and thereupon shot McMillian with a .38 caliber pistol. McMillian was unarmed and had not threatened defendant. McMillian died as a result of the single bullet wound inflicted by defendant's pistol.

Defendant testified that McMillian had engaged in a fight with one of the visitors in his home and he had repeatedly asked McMillian to leave the premises. After an ensuing argument, defendant went to his bedroom and obtained his pistol. Upon his return to the kitchen McMillian started toward him with his hands in his pockets. Defendant fired three warning shots into the door while McMillian was about six feet from him. The fourth shot, which he also intended as a warning shot, struck and killed McMillian. McMillian was about three or four feet from defendant when the fatal shot was fired.

The trial judge charged the jury as to the possible verdicts of guilty of second-degree murder, guilty of voluntary manslaughter, or not guilty. Upon a verdict of guilty of second-degree murder, defendant was sentenced to life imprisonment.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Rebecca R. Bevacqua, for the State.*

*R. Wayne Pickett, attorney for defendant appellant.*

BRANCH, Justice.

Defendant's sole assignment of error attacks the failure of the trial court to charge the jury on the lesser-included offense of involuntary manslaughter.

[1] Involuntary manslaughter is the unintentional killing of a human being without malice, proximately caused by (1) an unlawful act not amounting to a felony nor naturally dangerous to human life, or (2) a culpably negligent act or omission. *State v. Ward,* 286 N.C. 304, 210 S.E. 2d 407.

[2] It is unquestioned that the trial judge must instruct the jury as to a lesser-included offense of the crime charged, when there is evidence from which the jury could find that the defendant committed the lesser offense. *State v. Wrenn,* 279 N.C. 676, 185 S.E. 2d 129; *State v. Jones,* 264 N.C. 134, 141 S.E. 2d 27. However, when all the evidence tends to show that the accused committed the crime with which he is charged and there is no evidence of guilt of a lesser-included offense, the court correctly refuses to charge on the unsupported lesser offense. *State v. Harris,* 290 N.C. 681, 228 S.E. 2d 437; *State v. Duboise,* 279 N.C. 73, 181 S.E. 2d 393. "The *presence of such evidence* is the determinative factor." *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545.

In this case defendant testified as follows:

> . . . I shot in the door three times and told him to go home. I went to sling the pistol up again and hit him up there. I fired four shots. . . . When I fired this fourth shot I was aiming in the loft. I didn't intend to hit Mr. McMillian with the fourth shot.

Defendant contends that this evidence would have sustained a verdict of guilty of involuntary manslaughter.

In *State v. Foust,* 258 N.C. 453, 128 S.E. 2d 889, Justice Parker (later Chief Justice), speaking for this Court, stated:

> It seems that, with few exceptions, it may be said that every unintentional killing of a human being proximately caused by a wanton or reckless use of firearms, *in the absence of intent to discharge the weapon,* or in the belief that it is not loaded, and under circumstances not evidencing a heart devoid of a sense of social duty, is involuntary manslaughter. *S. v. Vines,* 93 N.C. 493, 53 Am.

Rep. 466; *S. v. Turnage,* 138 N.C. 566, 49 S.E. 913; *S. v. Stitt,* 146 N.C. 643, 61 S.E. 566; *S. v. Bryant,* 180 N.C. 690, 104 S.E. 369; *S. v. Hovis, supra;* 26 Am. Jur., Homicide, sec. 212; 40 C.J.S., Homicide, sec. 59. [Emphasis ours.]

The controlling facts in instant case are remarkably similar to those in *State v. Ward, supra.* In *Ward* Justice Moore, speaking for the Court, stated:

> . . . Clearly the evidence did not justify a charge on involuntary manslaughter. Defendant makes no contention that the gun was discharged accidentally. On the contrary she testified, "I went in the back bedroom and I sat there on the bed and then I jumped right up and I run and grabbed the gun and went right in the room. I went through the bedrooms and in the living room. *And that's when I fired.* But I didn't want to kill him. . . . " (Emphasis added.) By her own statement defendant intentionally discharged the gun under circumstances naturally dangerous to human life.

*See also State v. Gordon,* 241 N.C. 356, 85 S.E. 2d 322.

[3] Here all the evidence, including defendant's own testimony, shows that deceased was fatally wounded when defendant intentionally discharged his pistol under circumstances naturally dangerous to human life. There was no evidence of an accidental discharge of the weapon. Thus, the trial judge did not commit error in failing to charge on the lesser-included offense of involuntary manslaughter since there was no evidence to support such a verdict.

No error.