STATE OF NORTH CAROLINA v. JOHNNIE BEST

No. 828SC150

(Filed 5 October 1982)

**Homicide § 30.3— failure to instruct on involuntary manslaughter—prejudicial error**

The trial court erred in failing to instruct on involuntary manslaughter where the evidence tended to show that the victim stabbed defendant and defendant produced a gun; that the gun went off when the victim jerked the barrel; and that he "didn't pull the trigger" and "didn't mean to hurt anybody." This was evidence from which the jury could find that defendant had no intent to kill or inflict serious bodily injury.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 8 October 1981 in Superior Court, WAYNE County. Heard in the Court of Appeals 15 September 1982.

Defendant appeals from a judgment of imprisonment entered upon his conviction of voluntary manslaughter.

*Attorney General Edmisten, by Special Deputy Attorney General T. Buie Costen, for the State.*

*Barnes, Braswell & Haithcock, P.A., by R. Gene Braswell and Thomas Barwick, for defendant appellant.*

State v. Best

WHICHARD, Judge.

Defendant contends the court erred in failing to instruct the jury on the lesser included offense of involuntary manslaughter.[1] We agree, and accordingly award a new trial.

There must be an instruction on a lesser included offense when there is evidence from which the jury could find the defendant guilty of the lesser offense. *E.g., State v. Ward,* 286 N.C. 304, 311, 210 S.E. 2d 407, 413 (1974), *death sentence vacated,* 428 U.S. 903, 49 L.Ed. 2d 1207, 96 S.Ct. 3206 (1976); *State v. Duboise,* 279 N.C. 73, 80, 181 S.E. 2d 393, 397 (1971); *State v. Redfern,* 291 N.C. 319, 321, 230 S.E. 2d 152, 153 (1976). "The *presence of such evidence* is the determinative factor." *State v. Fleming,* 296 N.C. 559, 562, 251 S.E. 2d 430, 432 (1979), *quoting State v. Hicks,* 241 N.C. 156, 159, 84 S.E. 2d 545, 547 (1954). If "there is no evidence tending to show commission of a crime of less degree, the principle does not apply and the court correctly refuses to charge on the *unsupported lesser degree." State v. Wrenn,* 279 N.C. 676, 681, 185 S.E. 2d 129, 132 (1971).

The elements of voluntary manslaughter are: (1) unlawful killing of a human being, (2) without malice, and (3) without premeditation and deliberation. *E.g., State v. Fleming, supra,* 296 N.C. at 562, 251 S.E. 2d at 432. The elements of involuntary manslaughter are: (1) unlawful killing of a human being, (2) without malice, (3) without premeditation and deliberation, and (4) without intention to kill or inflict serious bodily injury. *Id.*

> It seems that, with few exceptions, it may be said that every unintentional killing of a human being proximately caused by a wanton or reckless use of firearms, in the absence of intent to discharge the weapon . . . and under circumstances not evidencing a heart devoid of a sense of social duty, is involuntary manslaughter.

*State v. Foust,* 258 N.C. 453, 459, 128 S.E. 2d 889, 893 (1963).

The State's evidence tended to show the following:

---

1. The case was tried subsequent to 1 October 1981, the effective date of the amendment to Rule 10, Rules of Appellate Procedure, which makes objection at trial a prerequisite to assigning error to an omission from the charge. App. R. 10(b)(2). The record indicates that the requisite objection was lodged.

The victim and defendant were near each other in a bar speaking calmly when the victim, for no known reason, struck defendant on the head with a pool cue stick. Both men were restrained from fighting. As defendant was led from the bar, he threw a bottle at the victim which missed the victim and struck the piano player.

Defendant then got into the passenger seat of his car, and his son began to drive out of the bar parking lot. Defendant's car stopped before entering the street. The victim ran toward defendant's car, and a further brief scuffle ensued. Defendant and his son drove away, but returned a short while later. Again the victim rushed to defendant's car. The passenger door was opened, defendant produced a rifle, the victim grabbed and jerked the gun as if trying to take it away from defendant, and the gun fired, fatally wounding the victim. When police arrived, defendant was found to have a cut on his stomach and was sent for medical treatment.

Defendant testified as follows regarding his intent:

I wanted to go back and find out what happened, the reason I had got hit over the head with a cue stick for no reason. I figured [the victim] would be gone by the time I got back. I did not go back with the intention of hurting anybody.

. . . .

When [the victim] stabbed me, I reached back into the back seat, and when I came around with the gun in front of me, he just grabbed a hold of the gun and was snatching and jerking and struggling with the gun. I was trying to get the man off of me; all I wanted to do was frighten him. He was right on top of me; he would have cut me to death.

. . . When [the victim] grabbed the gun barrel and jerked it, the gun went off. I didn't pull the trigger. I didn't mean to hurt anybody.

In *State v. Wrenn, supra,* our Supreme Court said:

Although the State's evidence tends to show an intentional killing with malice and with premeditation and deliberation, defendant's evidence is to the effect that he

only intended to scare his wife and had no intention of killing her; that in the scuffle between the parties the shotgun went off accidentally. In this setting, and with credibility a matter for the jury, the court should have submitted involuntary manslaughter with appropriate instructions.

279 N.C. at 683, 185 S.E. 2d at 133.

Defendant's testimony here that the gun went off when the victim jerked the barrel, and that he "didn't pull the trigger" and "didn't mean to hurt anybody," is evidence from which the jury could find that defendant had no intent to kill or inflict serious bodily injury. Under these circumstances, "and with credibility a matter for the jury, the court should have submitted involuntary manslaughter with appropriate instructions." *State v. Wrenn, supra. See also State v. Fleming, supra* (defendant's testimony that he did not intentionally cut victim sufficient to support involuntary manslaughter, despite State's evidence which uniformly showed malice).

Because the remaining errors assigned relate to matters which may not recur upon re-trial, we do not discuss them.

New trial.

Judges MARTIN and ARNOLD concur.