STATE OF NORTH CAROLINA v. DANNY FRANKLIN WILLIAMS

No. 602A82

(Filed 9 August 1983)

**1. Criminal Law § 87— witness's unresponsive answer—admissibility**

Although a witness's answer was not responsive to the question posed by the prosecutor, the answer that defendant "was nervous" was competent evidence and need not have been stricken.

**2. Criminal Law § 42.5— exhibits properly identified and admitted**

The trial court properly allowed into evidence two heaters which allegedly were taken from the crime scene in that they were properly identified and constituted relevant evidence tending to tie defendant to the crimes charged.

**3. Criminal Law § 77.1— letters constituting admissions of defendant—properly admitted into evidence**

Two letters which were either authenticated by the defendant or his brother were properly admitted into evidence as admissions where the subject of both letters was the events which occurred on the night in question and defendant's predicament resulting from them.

**4. Criminal Law § 162.2— late objection—no prejudicial error**

Defendant's objection to a line of questioning in which he was asked about his living arrangements with his fiancee prior to marriage came too late for

him to complain of it on appeal; however, the testimony had no bearing on the outcome of the trial. App. Rule 10(b)(1).

BEFORE *Judge D. Llewellyn* presiding at the 21 June 1982 Criminal Session of LENOIR Superior Court, and a jury, defendant was found guilty of first degree rape and first degree burglary. He received a sentence of life imprisonment on the first degree rape conviction and forty years' imprisonment on the first degree burglary conviction, the sentences to run consecutively. Defendant appealed the rape conviction as a matter of right pursuant to G.S. 7A-27(a). We allowed defendant's motion to bypass the Court of Appeals on the first degree burglary conviction.

*Rufus L. Edmisten, Attorney General, by G. Criston Windham, Associate Attorney, for the state.*

*Fred W. Harrison for defendant appellant.*

EXUM, Justice.

In this appeal defendant's assignments of error pertain primarily to rulings by the trial court on various evidentiary matters and the trial court's failure to instruct the jury on lesser-included offenses of the crimes charged. We find no substantial merit in defendant's assignments of error and no reversible error in the trial.

Evidence presented by the state tends to show that on 4 January 1982 defendant; his brother, Victor Williams; and Donald Merritt drove to Kinston from New Bern in the early morning hours. After spending several hours in Kinston the three men drove to Highway 258 where the car in which they were riding became stuck in a ditch. After several unsuccessful attempts to free the automobile, defendant left his brother and Merritt with the automobile and went in search of help. Merritt testified that he saw defendant knock on the door of the victim's house and the porch light come on. Merritt said defendant returned to the car about forty-five minutes later.

The victim, Tiffany Waller, an 81-year-old woman, testified that she answered a loud knock at her door during the early morning hours of 4 January 1982. She turned on her porch light and saw a male, whom she described as looking like defendant, outside her home. When the man asked permission to use the

phone, she told him she would make the call for him. While Waller attempted to place the requested call the man snatched open the storm door and entered without permission. The man attempted to make a phone call while asking Waller various questions about her living arrangements. The intruder then asked Waller for a drink of water. At that point the intruder grabbed Waller, threw her to the floor and, keeping his hand on her throat, forced her to engage in sexual intercourse. Waller attempted to resist but the man became angry and choked her until she became unconscious. She awoke with a severe cut to her upper lip and her hair soaked with blood. She contacted her son-in-law who took her to the hospital, where she remained for four days.

Merritt testified that when defendant returned to the automobile he stated, "I just beat and raped an old lady across the road." Defendant also suggested that Merritt return to the house with him in order to finish the job. Defendant brought with him two objects, which Merritt testified resembled state's exhibits one and two. Merritt saw defendant remove them from the trunk of the car the following day and place them under his trailer. State's exhibits one and two were heaters. Waller's son-in-law identified state's exhibit two as a heater he had observed in her home. Waller identified state's exhibit one as being similar in appearance to another heater she had in her home.

A physician examined Waller shortly after the attack and found several scratches around her vagina, severe bruising of her face and neck, bruises on her leg and a cut on her lip. Vaginal swabs were obtained and forwarded to the State Bureau of Investigation, along with Waller's clothing. William Weis, an expert forensic serologist, testified that semen was present on the vaginal swabs and the person who deposited the semen belongs to blood group A and was a secretor. Weis testified that Waller was a non-secretor but defendant had blood group A and was a secretor.

Defendant presented evidence tending to show that after the car became stuck in the ditch he and his brother Victor left in search of help. Defendant said he approached one house; when no one answered his knock, he went to the backyard where Victor was trying to start a pickup truck. After failing to obtain help he and his brother returned to the disabled vehicle. Defendant de-

cided to walk to New Bern and left the scene. Defendant later changed his mind and returned to the car about an hour later. Eventually the men freed the automobile and drove to Victor Williams' house. From there, defendant was taken to his home in New Bern where Merritt gave him the car keys and told him the heaters Victor Williams had promised to get him were in the trunk. Defendant stated that was the first time he had seen the heaters and he put them next to his house. Defendant denied breaking into Waller's house and raping her.

Defendant also presented the testimony of Troy Hamlin, a forensic chemist with the North Carolina State Bureau of Investigation who specializes in hair analysis. Hamlin testified that a hair fragment obtained during an examination of Waller was not microscopically consistent with the hair of either Waller or defendant.

[1] Under his first assignment of error defendant contends the trial court erred by allowing Victor Williams, a witness for the state, to give an opinion about the mental state of defendant on the night in question. The basis of this contention is that the testimony was not responsive to questions asking what defendant had said. This colloquy occurred:

Q. Then what happened after Danny got back?

A. Me and Danny walked down the road to find somebody that had a truck to pull us out and we got down the road and were gone about ten or fifteen minutes and turned around and looked and there was something with headlights back at the car and we thought maybe it was the law.

Q. What did Danny say when you thought it was the law?

A. At that time he was nervous.

OBJECTION.

COURT: OVERRULED.

DEFENDANT'S EXCEPTION #1.

A. He acted nervous but he walked back with me to the car.

Q. What did you say to Danny about the law being there?

A. I don't remember. I said maybe the law would help to pull us out.

Although the answer was not responsive to the question posed by the prosecutor, "responsiveness is not the ultimate test of admissibility." *State v. Batts*, 303 N.C. 155, 159, 277 S.E. 2d 385, 388 (1981). If an unresponsive answer is otherwise competent as evidence, it need not be stricken. *Id.; State v. Peele*, 281 N.C. 253, 188 S.E. 2d 326 (1972); *State v. Ferguson*, 280 N.C. 95, 185 S.E. 2d 119 (1971). That defendant "was nervous" is competent evidence. *State v. Moore*, 276 N.C. 142, 145-46, 171 S.E. 2d 453, 455-56 (1970).

[2] Defendant next maintains the trial court erred when it allowed state's exhibits one and two into evidence. He argues the exhibits were never properly identified. State's exhibit two, an old heater, was identified as one of two heaters that had been in the victim's home. The victim's son-in-law identified this older heater by inspecting the heater's plug which he had at some prior time attempted to repair. State's exhibit number one, a relatively new heater, was never positively identified, although the victim stated that it was similar to one she had in her home before the night of the burglary. Other witnesses positively identified both exhibits as items defendant removed from the trunk of the car in which he had been riding on this same night. We conclude the heaters were properly identified and constituted relevant evidence tending to tie defendant to the crimes charged. *See State v. Newman*, 308 N.C. 231, 302 S.E. 2d 174 (1983). Any equivocation relates to the weight of the testimony and not its admissibility. *Id.* at 242, 302 S.E. 2d at 182.

[3] Next, defendant argues the trial court should not have allowed into evidence two letters allegedly written by him to his brother Victor. One of the letters was authenticated by Victor when he testified that he knew defendant's handwriting and that the letter had been written by defendant. Defendant acknowledged, on direct examination, that he had written the letter. The second letter, state's exhibit number 23, was authenticated by defendant himself during cross-examination. "Anything that a party to the action has done, said or *written*, if relevant to the issues and not subject to some specific exclusionary statute or rule, is

admissible against him as an admission." 2 Brandis, *North Carolina Evidence* § 167 (2d rev. ed. of Stansbury's N. C. Evidence, 1982) (emphasis added) (footnotes omitted). *See also State v. Robbins*, 275 N.C. 537, 169 S.E. 2d 858 (1969). The subject of both letters is the events which occurred on the night in question and defendant's predicament resulting from them. Both letters are relevant. They were properly admitted.

[4] Defendant asserts the trial court erred by permitting the following questions and answers when defendant was cross-examined:

Q. Well, how long had you and your fiancee been living together before the Fourth day of January?

A. Ever since the end of 1979.

Q. Did you meet her when you were in New York on your escape?

A. No, sir, I didn't.

Q. So you've been living together since the end of 79, is that right?

A. Yes, sir.

Q. And on the Fourth day of January, 1982, you and her were living together just as husband and wife would live together, won't you?

A. Yes, sir, I was.

Q. Ya'll were sleeping in the same bed?

A. Yes, sir.

OBJECTION.

COURT: OVERRULED.

The evidence also showed that defendant and his fiancee married before the trial. Suffice it to say that defendant's objection to this line of inquiry came too late for him to complain of it on appeal. *State v. Jones*, 287 N.C. 84, 99, 214 S.E. 2d 24, 35 (1975); N.C. Rule App. P. 10(b)(1). Furthermore, we are satisfied this testimony had no bearing on the outcome of the trial, even assuming it was improper to admit and an objection had been timely made.

In his final assignment of error, defendant maintains the trial court should have instructed the jury on lesser-included offenses. Specifically, defendant requested the trial judge to instruct the jury on (1) second degree burglary, (2) felonious breaking and entering, (3) non-felonious breaking and entering, (4) attempted first degree rape, (5) attempted second degree rape and (6) assault on a female. This assignment is without merit. The trial judge must instruct on lesser-included offenses only if there is evidence to support their existence. *State v. Redfern*, 291 N.C. 319, 230 S.E. 2d 152 (1976). All the state's evidence tended to show the crimes committed were first degree burglary and either first or second degree rape. Defendant's evidence tended to show he did not commit any crime on the night of these incidents. There is no evidence to support instruction on any of the requested lesser-included offenses. The trial judge properly refused to instruct on the lesser-included offenses. *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972).

In defendant's trial, we find

No error.