STATE OF NORTH CAROLINA v. MICHAEL TARRANT

STATE OF NORTH CAROLINA v. BERNARD DAVIS

No. 8326SC1202

(Filed 18 September 1984)

1. Robbery § 5.4— robbery with dangerous weapon—failure to instruct on common law robbery—no error

Where the evidence tended to show that one defendant held a knife, which he had taken from the victim, to the victim's throat and had the other defendant go through the victim's pockets and the victim's billfold was removed, the trial court properly instructed on robbery with a dangerous weapon and did not err in failing to instruct on the lesser offense of common law robbery.

2. Robbery § 5.4— robbery with dangerous weapon—failure to instruct on simple assault—error not prejudicial

Where the State's evidence tended to show that one defendant held a knife at the victim's throat while the other defendant removed his wallet, but defendants' evidence tended to show that one defendant assaulted the victim following an insult, took the knife from the victim in self-defense, used it only to restrain the victim until the other defendant searched him for weapons, and neither defendant took anything from the victim, the trial court erred in failing to instruct the jury on simple assault as a lesser included offense of robbery with a dangerous weapon; however, defendants failed to object prior to the jury's retiring to consider its verdict, thus subjecting their appeal to dismissal, and the judge's error did not have probable impact on the jury's finding of guilt and so did not constitute "plain error" which would require reversal.

APPEAL by defendants from *Kirby, Judge.* Judgment entered 14 July 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 23 August 1984.

This is a criminal action in which defendants were convicted at a jury trial of robbery with a dangerous weapon in violation of G.S. 14-87.

At the trial of this action, the State's evidence tended to show that on 1 December 1982, the victim, Willie Noles, came to Charlotte for the purpose of Christmas shopping. While there, he went to a fast food restaurant where he received change for a hundred dollar bill, one of five one hundred dollar bills then in his possession. The victim then took a bus to North Tryon Mall. While on the bus, he noticed the two defendants, Tarrant and Davis, who were also on the bus.

The State's evidence further tends to show that the victim got off the bus and went into the mall parking area where the defendant Tarrant called to him, approached him and pushed him. The victim pulled a pocketknife from his rear pocket to defend himself and defendant Tarrant took it away from him. In the course of these events, the victim was cut by the knife. Shortly thereafter, defendant Davis, who had been in a nearby wooded area, came across the street and found defendant Tarrant standing over the victim, who was then on the ground. Defendant Tarrant had the knife at the victim's throat. He then instructed defendant Davis to go through the victim's pockets to "see what he could find." The victim's billfold was removed. Defendants Tarrant and Davis ran from the scene but were apprehended by police. The billfold was not recovered.

At trial, both defendants offered evidence tending to show that they were together at the Sunshine Drug Company on 1 December 1984. While there they saw the victim drinking beer. The victim, who appeared to the defendants to be intoxicated, was waving a knife in a threatening manner. Both defendants were going to North Tryon Mall and, by coincidence, took the same bus as the victim. When the bus arrived at North Tryon Mall, the defendants got off the bus, along with the victim, and defendant Davis went into some nearby woods.

Defendant Tarrant's evidence tended to show that as he was crossing the street, the victim called out a racial slur directed towards Tarrant. Defendant Tarrant pushed and tripped the victim, who then produced a pocketknife which defendant Tarrant took away from the victim, allegedly to protect himself. About the same time, defendant Davis returned and defendant Tarrant instructed him to search the victim for any other weapons. Nothing was removed from the victim's pockets. Both defendants heard horns blowing and ran from the area.

From a verdict of guilty of robbery with a dangerous weapon and judgment of imprisonment, both defendants appeal.

*Attorney General Edmisten by Assistant Attorney General James E. Magner, Jr., for the State.*

*Scott T. Pollard and Dozier, Brackett, Miller, Pollard and Murphy, by Fritz Y. Mercer, Jr., for the defendant-appellants.*

EAGLES, Judge.

I

[1] The trial judge submitted two possible verdicts to the jury, guilty of robbery with a dangerous weapon and not guilty. Defendants argue on appeal that the trial court erred in failing to instruct on and to submit as possible verdicts the lesser included offenses of common law robbery and simple assault.

As a general rule, when there is evidence of a defendant's guilt of a crime which is a lesser included offense of the crime stated in the bill of indictment, the defendant is entitled to have the trial judge submit an instruction on the lesser included offense to the jury. *State v. Redfern*, 291 N.C. 319, 230 S.E. 2d 152 (1976). Common law robbery is a lesser included offense of armed robbery or robbery with a firearm or other dangerous weapon and an indictment for armed robbery will support a conviction of common law robbery. *State v. Black*, 286 N.C. 191, 209 S.E. 2d 458 (1974); *State v. Allen*, 47 N.C. App. 482, 267 S.E. 2d 514 (1980). Nevertheless, the trial judge is not required to instruct on common law robbery when the defendant is indicted for armed robbery if the uncontradicted evidence indicates that the robbery, if perpetrated, was accomplished by the use of what appeared to be

a dangerous weapon. *State v. Porter*, 303 N.C. 680, 281 S.E. 2d 377 (1980).

The uncontradicted evidence offered by the State from the victim and eyewitnesses tends to show that, for whatever reason, the defendant Tarrant held a knife, which he had taken from the victim, to the victim's throat and had the defendant Davis to go through the victim's pockets. If there was a robbery, it was accomplished while Tarrant was holding a knife to the victim's throat.

Defendants contend that they were committing no crime at this point, that nothing was taken and that the knife was used in self-defense. Nevertheless, a knife was used and we hold that the trial judge was correct in refusing to instruct as to common law robbery.

## II

[2] We next consider whether the trial judge erred in refusing to instruct and charge the jury on the crime of simple assault, which is also a lesser included offense of robbery with a dangerous weapon. The necessity for instructing the jury as to a lesser included crime arises only when there is evidence from which the jury could find that the included crime of lesser degree was committed. The presence of evidence is the determinative factor. *State v. Hicks*, 241 N.C. 156, 159-60, 84 S.E. 2d 545, 547 (1954); *State v. Allen, supra.*

Defendants' evidence tended to show that defendant Tarrant assaulted the victim by pushing and tripping him after the victim insulted him, that the knife was taken from the victim in self-defense and used only to restrain the victim until defendant Davis searched him for other weapons and that nothing was stolen from the victim. There is, at least, conflicting evidence relating to the elements of the crime charged. For this reason it was error for the trial judge not to instruct the jury as to the crime of simple assault.

However, Rule 10(b)(2) of our Appellate Rules of Procedure as amended 10 June 1981 and applicable to cases tried on and after 1 October 1981, requires that a party assigning as error any portion of the jury charge or an omission therefrom make an objection be-

fore the jury retires to consider its verdict. There is nothing in the record that indicates an objection was timely made prior to the jury retiring to consider its verdict. Further, defendants failed to identify the omitted instructions and set out their substance immediately following the instructions given as is also required by Rule 10(b)(2). Our Rules of Appellate Procedure are mandatory and failure to follow the rules subjects an appeal to dismissal. *Marisco v. Adams*, 47 N.C. App. 196, 266 S.E. 2d 696 (1980).

## III

We next consider whether the trial judge's error in failing to charge on simple assault as a lesser included offense of robbery with a dangerous weapon constituted "plain error." The "plain error" rule is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record it can be said that the claimed error is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done. The error must have probable impact on the jury's finding of guilt. *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983).

We have carefully reviewed the entire record in this case and we hold that the error in the charge did not have probable impact on the jury's finding of guilt. We reach this conclusion after due consideration of *State v. Brown*, 300 N.C. 41, 265 S.E. 2d 191 (1980) which was decided prior to the Supreme Court's adoption of the current amendment to Rule 10(b)(2), Rules of Appellate Procedure. Here, the State's evidence was more than sufficient to support a conviction for robbery with a dangerous weapon.

On the facts of this case, the trial judge's refusal to charge on the crime of simple assault as a lesser included offense of robbery with a dangerous weapon is not prejudicial error and does not rise to "plain error."

No error.

Judges ARNOLD and WHICHARD concur.