State v. Johnson

STATE OF NORTH CAROLINA v. BRUCE EDWARD JOHNSON

No. 8420SC56

(Filed 4 December 1984)

**1. Homicide § 30.3— second degree murder—no instruction on involuntary manslaughter—no error**

In a prosecution for second degree murder, the trial court did not err in failing to submit involuntary manslaughter to the jury where defendant testified that he shot the victim after aiming a dangerous weapon in her direction, and all the evidence indicates that out of anger defendant acted impulsively and thoughtlessly, recklessly and wantonly.

**2. Homicide § 26— second degree murder—peremptory instruction—no affirmative defense—no error**

In a prosecution for second degree murder where there was no evidence of an affirmative defense, there was no error in the court's peremptory charge to the jury that there was no justification or excuse for defendant shooting the victim. Defendant's evidence of unintentional killing went to the issue of malice, and the court's instruction that there was no evidence of excuse or provocation could not have been understood to eliminate the issue of intent in light of the length and fullness of the explanation of malice and intent.

**3. Criminal Law § 138— less than presumptive term—no right to appeal whether evidence sufficient for sentence**

Where a defendant is sentenced to less than the presumptive term, he has no right to appeal the issue of whether his sentence is supported by the evidence introduced at trial. G.S. 15A-1444(a)(1).

APPEAL by defendant from *Fountain, Judge.* Judgment entered 11 October 1983 in Superior Court, MOORE County. Heard in the Court of Appeals 25 September 1984.

The defendant Bruce Johnson is 24 years old and lives in Eagles Springs, Moore County. He met Louise Wall in July 1982, and fell in love with her. She was married and had six children. Defendant and Ms. Wall saw each other for about a year, meeting at defendant's home two to four times a month. Each time she visited, the defendant drove her home. He always carried a gun, at her request, to protect himself from her husband.

On 13 August 1983, Ms. Wall came to defendant's home. They discussed their relationship, defendant telling Ms. Wall that he could not go on living as he was, in misery and distress. Defendant testified that he told her he wanted to break off the relation-

ship, and she became upset. They argued and defendant told Ms. Wall that he was going to take her home.

Defendant picked up his gun and they walked out on the porch. Defendant asked her whether she was seeing anyone other than her husband and him. She did not answer. They walked to the carport and he asked her the question again. She admitted she was seeing somebody else, a member of defendant's band. Defendant testified that on hearing this:

> Well, I shot — my mind just went blank and I shot. It was a split second thing. Just aimed in her direction. I still loved Louise Wall at that time. I was very upset, enraged, had no stability of myself. She got up and ran 30 feet and fell. I checked her pulse and then went to my father's house and told him what I had done. I told him to call the police. Then I called my mother.

Ms. Wall died of the gunshot wound. The defendant was found guilty of second degree murder and was sentenced to fourteen years in prison and ordered to pay restitution of $5,000 for the benefit of Ms. Wall's six minor children. From this judgment, he appeals.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General David S. Crump, for the State.*

*Pollock, Fullenwider, Cunningham & Patterson, by Bruce T. Cunningham, Jr., for defendant appellant.*

ARNOLD, Judge.

[1] The defendant contends that the trial judge erred in failing to submit the issue of involuntary manslaughter to the jury. The trial judge instructed the jury only on the charge of second degree murder. Second degree murder is an unlawful killing done without premeditation or deliberation, but with malice. *See State v. Foust*, 258 N.C. 453, 458, 128 S.E. 2d 889, 892 (1963). Malice is hardness of heart, ill will, or cruelty of purpose. *See State v. Wrenn*, 279 N.C. 676, 686-87, 185 S.E. 2d 129, 135 (1971) (Sharp, J., dissenting). It can be proved by showing an intent to engage in behavior or to do an act that is reckless or wanton or that naturally threatens human life. *See id.; State v. Wilkerson*, 295 N.C.

559, 580-81, 247 S.E. 2d 905, 917 (1978). Involuntary manslaughter is "the unintentional killing of a human being without malice, proximately caused by (1) an unlawful act not amounting to a felony nor naturally dangerous to human life, or (2) a culpably negligent act or omission." *State v. Redfern*, 291 N.C. 319, 321, 230 S.E. 2d 152, 153 (1976).

The trial judge must instruct the jury as to a lesser offense than the one charged when there is evidence that the defendant committed the lesser offense. *See id.* "The *presence of such evidence* is the determinative factor." *Id.*, *citing State v. Hicks*, 241 N.C. 156, 159, 84 S.E. 2d 545, 547 (1954).

In the case at bar, the defendant testified that after he and Louise Wall argued, he told her he would take her home. As they walked out to the carport, he asked her whether she was seeing someone else. She did not answer. Once they reached the carport, he repeated the question, and she replied that she was seeing someone else, a member of defendant's band. Defendant testified:

Well, I shot—my mind just went blank and I shot. It was a split second thing. Just aimed in her direction. I still loved Louise Wall at that time. I was very upset, enraged, had no stability of myself.

Defendant's testimony indicates that because of his anger at discovering that Ms. Wall, his lover, was seeing someone else, his mind went blank, and that impulsively and without thinking, he shot her. This seems clearly to have been a case where passion supplanted reason, and one would have expected the defendant to be arguing on appeal that the judge should have charged on voluntary manslaughter. The defendant has not pursued this exception, and we suspect this is because he is aware of the well-established rule in North Carolina that mere knowledge of a spouse or lover's affair with another is not deemed by law adequate provocation to reduce second degree murder to manslaughter. *See generally State v. Ward*, 286 N.C. 304, 312-13, 210 S.E. 2d 407, 413-14 (1974).

The defendant argues, rather, that because he was hysterical and "just aimed in her [Louise Wall's] direction" the trial judge should have instructed the jury on involuntary manslaughter. By his own testimony, defendant admits that he shot Louise Wall,

after aiming a dangerous weapon in her direction. This is evidence of malice. *See Ward*, 286 N.C. at 312, 210 S.E. 2d at 413. He says that his mind went blank, and that he was upset and enraged, but this does not negate the presumption of malice. It only removes the elements of premeditation and deliberation. Defendant has presented no evidence that he became unconscious, or that he only meant to scare Ms. Wall, or that he was just waving the gun and it accidentally discharged. Rather, all the evidence indicates that out of anger he acted impulsively and thoughtlessly, recklessly and wantonly. The trial court did not err in charging the jury only on second degree murder.

[2]   The defendant contends also that the trial judge erred in peremptorily charging the jury that there was no evidence of justification or excuse for the defendant shooting Louise Wall. The defendant argues that by making this charge the trial judge negated the defendant's defense that he did not intentionally kill Louise Wall. The defendant's assertion that he did not intentionally kill Ms. Wall went to the issue of malice: whether he had intent to commit an act so reckless and wanton that the law deems him to have acted "maliciously." Malice is an element of second degree murder. Defendant's defense as to intent, then, was an attempt to refute an element of the State's case for second degree murder.

Our review of the evidence indicates that the defendant did not produce evidence of an affirmative defense, that is, of an excuse or justification, such as self-defense, duress, or accident. The judge correctly observed in the charge that there was no evidence of excuse or justification. His observation was meant to narrow the issues for the jury's consideration. That is within his province. He fully explained the issue of intent, and at no point did he state that there was no evidence that the shooting was unintentional. In light of the length and fullness of the judge's explanation of malice and intent, we do not believe that his statement shortly after that there was no evidence of excuse or provocation could have been understood to eliminate the issue of intent.

[3]   The trial judge sentenced the defendant to a term less than the presumptive fifteen years. He accordingly has no right to appeal the issue of whether his sentence is supported by the evidence introduced at trial. G.S. 15A-1444(a1).

No error.

Judges WELLS and HILL concur.