WEBB, Judge.
 

 The defendant assigns as error the submission to the jury of the charge of involuntary manslaughter. After the case sub judice
 
 *834
 
 was tried, our Supreme Court rendered a decision in
 
 State v. Ray,
 
 299 N.C. 151, 261 S.E. 2d 789 (1980). As applicable to this case,
 
 Ray
 
 held that if there is evidence of self-defense and no evidence of involuntary manslaughter, it is prejudicial error to submit a charge of involuntary manslaughter in a trial for second degree murder. The evidence as to the shooting in the case sub-judice came from the testimony of defendant. She testified as follows:
 

 “When he picked up the broom I ran to my son’s room. The gun was kept right beside the door. I grabbed this gun up and turned around. I can’t remember; I was terribly upset. I was in fear of serious bodily injury. ... I grabbed the gun; I can’t remember if it was cocked. ... I don’t know where I shot him. I was upset and didn’t look. I ran. I don’t know how he was coming at me with the broom. . . . All I know is I was scared and didn’t mean to shoot him. . . .
 

 ... I don’t know how many steps he took. As soon as I shot, I guess I dropped the gun and ran. I don’t know how close he was.”
 

 Defendant also testified:
 

 “I don’t recall firing the gun on this day. ... I didn’t mean to hurt or kill him; I just meant to scare him or something.”
 

 We hold that the only conclusion that can be drawn from this testimony is that defendant pointed the gun at the deceased and shot him while he was advancing toward her. This could not be involuntary manslaughter.
 
 See State v. Ray, supra
 
 and
 
 State v. Wilkerson,
 
 295 N.C. 559, 247 S.E. 2d 905 (1978).
 

 The defendant has been acquitted of all degrees of homicide other than involuntary manslaughter. We have held there was not sufficient evidence of involuntary manslaughter to submit to the jury. The defendant must be discharged.
 

 Reversed and remanded.
 

 Judges MARTIN (Robert M.) and HILL concur.