STATE OF NORTH CAROLINA v. NORRIS KELVIN CASON

No. 8020SC926

(Filed 3 March 1981)

**Homicide § 30.3– second degree murder case – submission of involuntary manslaughter as prejudicial error**

    In a prosecution for second degree murder in which all the evidence showed that defendant intentionally shot deceased and thereby caused his death, and defendant relied on the defense of self defense which is unavailable for a charge of involuntary manslaughter, the trial court committed prejudicial error in submitting involuntary manslaughter to the jury, and where the jury found the defendant guilty of involuntary manslaughter and acquitted defendant of all other degrees of homicide, defendant is entitled to be discharged.

APPEAL by defendant from *Mills, Judge.* Judgment entered 8 May 1980 in Superior Court, ANSON County. Heard in the Court of Appeals 10 February 1981.

The defendant was tried for second degree murder. The evidence tended to show that defendant shot James Edward Sturdivant three times while the two were engaged in an altercation. There was no evidence that the shooting was accidental. The defendant testified he did not intend to kill Mr. Sturdivant but shot at Sturdivant's hand. The defendant offered evidence that the shots were fired in self-defense.

The court submitted to the jury the charges of second degree murder, voluntary manslaughter, and involuntary manslaughter. The court instructed the jury that self-defense is a defense to second degree murder and voluntary manslaughter. It did not charge on self-defense as to involuntary manslaughter. The defendant was convicted of involuntary manslaughter and appealed from the imposition of a prison sentence.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Henry T. Drake for defendant appellant.*

WEBB, Judge.

All the evidence shows the defendant intentionally shot James Edward Sturdivant thereby causing his death. The defendant relied on self-defense for an acquittal. There was no

evidence that the defendant accidentally shot James Sturdivant, and it was error to submit the charge of involuntary manslaughter. In *State v. Ray*, 299 N.C. 151, 261 S.E. 2d 789 (1980) our Supreme Court held it was prejudicial error to submit involuntary manslaughter to the jury when there was no evidence of involuntary manslaughter, and the defendant relied on self-defense for an acquittal to the other degrees of homicide. The superior court in that case had defined second degree murder and voluntary manslaughter as intentional killings rather than intentional acts that caused death. Since self-defense is not available to the charge of involuntary manslaughter, our Supreme Court said the jury could have concluded that an intentional shooting without an intent to kill was not a shooting in self-defense. The Supreme Court said the submission of involuntary manslaughter under the circumstances made it impossible to determine whether the jury had passed on the defendant's self-defense plea, and this was prejudicial error.

In the case sub judice, the court instructed on involuntary manslaughter as follows:

"For you to find the defendant guilty of involuntary manslaughter, the State must prove 2 things beyond a reasonable doubt. First, that the defendant acted unlawfully. The defendant's act was unlawful if it was an assault with a deadly weapon. Pointing a .22 caliber pistol and shooting another without justification would constitute an assault with a deadly weapon. Second, the State must prove that this unlawful act proximately caused James Edward Sturdivant's death."

The court in effect charged the jury that pointing a pistol at James Edward Sturdivant and shooting him without justification would be an assault with a deadly weapon, and this is an unlawful act. Self-defense was not available to the defendant on the involuntary manslaughter charge. It could be that the jury convicted the defendant of involuntary manslaughter under this charge for the act which they had found justified as self-defense for the other degrees of homicide. For this reason, we cannot determine that if the defendant had not been convicted of involuntary manslaughter, the jury would have found him guilty of another degree of homicide. This constitutes prejudicial error.

State v. Cason

In a homicide in which the defendant relies on self-defense, it is difficult under *State v. Ray, supra,* to submit a charge of involuntary manslaughter without evidence to support it and determine that, if the jury had not convicted the defendant of involuntary manslaughter, he would have been convicted of another degree of homicide. Involuntary manslaughter has as an element an unlawful act or criminal negligence, which element is not in the other degrees of homicide. Involuntary manslaughter is not a lesser included offense of murder or voluntary manslaughter as a lesser included offense is defined in *State v. Hill,* 287 N.C. 207, 214 S.E. 2d 67 (1975) and *State v. Richardson,* 279 N.C. 621, 185 S.E. 2d 102 (1971). It is difficult to submit an offense which is not a lesser included offense when there is no evidence to support it and then determine that if the jury had not convicted on the offense submitted, they would have convicted on another offense which does not have all the elements of the offense of which the defendant was convicted. We believe there will be very few cases which do not contain reversible error when involuntary manslaughter is submitted to the jury without evidence to support it, and the defendant relies on self-defense as to the other degrees of homicide. *See State v. Brooks,* 46 N.C. App. 833, 266 S.E. 2d 3 (1980).

The defendant has been acquitted of all degrees of homicide other than involuntary manslaughter. The charge of involuntary manslaughter was not supported by the evidence, and we have held it was prejudicial error to submit it. The judgment of the superior court is reversed, and the defendant is ordered to be discharged.

Reversed.

Judges HEDRICK and HILL concur.