STATE OF NORTH CAROLINA v. LINDA HENRY MARTIN

No. 8018SC1032

(Filed 2 June 1981)

**Homicide § 30.3— submission of involuntary manslaughter—prejudicial error**

> The trial court in a second degree murder prosecution erred in submitting
> to the jury an issue of the lesser offense of involuntary manslaughter where
> all the evidence, including defendant's testimony, showed that deceased was
> fatally wounded when defendant intentionally discharged her gun under cir-
> cumstances naturally dangerous to human life, and there was no evidence of
> an accidental discharge of the weapon. Furthermore, defendant was prejudiced
> by such error where she relied on self-defense and there is a reasonable
> possibility that the jury would have returned a verdict of acquittal absent the
> erroneous submission of involuntary manslaughter.

APPEAL by defendant from *Preston, Judge*. Judgment
entered 12 June 1980 in Superior Court, GUILFORD County. Heard
in the Court of Appeals 4 March 1981.

Defendant was tried for second degree murder. Some of the
evidence tended to show that defendant and her husband, Walter
Thomas Martin, had been having domestic disagreements over a
period of time. On 9 October 1979, defendant and her husband
were arguing. Defendant attempted to leave their home and her
husband prevented her from leaving by taking her car keys.
Defendant shot her husband as he advanced toward her in their
driveway, hitting him in the pelvis. Walter Thomas Martin died
several days later from the gunshot wound inflicted by his wife.

The court charged the jury it could find the defendant guilty
of second degree murder, voluntary manslaughter or involuntary
manslaughter. From a sentence imposed upon a verdict of guilty
of involuntary manslaughter, the defendant appeals.

*Attorney General Edmisten by Assistant Attorney General
Thomas H. Davis, Jr. and Assistant Attorney General Thomas B.
Wood, for the State.*

*Assistant Public Defender Frederick G. Lind, for the
defendant-appellant.*

MARTIN (Robert M.), Judge.

The defendant assigns as error the submission to the jury of
the charge of involuntary manslaughter. "Involuntary man-

slaughter is the unintentional killing of a human being without malice, proximately caused by (1) an unlawful act not amounting to a felony nor naturally dangerous to human life, or (2) a culpably negligent act or omission. *State v. Ward,* 286 N.C. 304, 210 S.E. 2d 407." *State v. Redfern,* 291 N.C. 319, 321, 230 S.E. 2d 152, 153 (1976). "[T]he crime of involuntary manslaughter involves the commission of an act, whether intentional or not, which in itself is not a felony or likely to result in death or great bodily harm. (Citations omitted.)" *State v. Ray,* 299 N.C. 151, 158, 261 S.E. 2d 789, 794 (1980).

The evidence as to the shooting in the case *sub judice* came from the testimony of defendant. She testified as follows:

Next, I did shoot the gun. The last time I really aimed the gun, he was standing here, and I aimed it in between him and the tree. . . .

. . .

. . . [T]he last time I aimed the gun, actually took an aim with the gun, it was between him and the tree, to where it was close enough pointed toward him, that he would know that I meant for him to stay back, that I was using the gun to keep him back.

. . .

I didn't try to hit him the first time I shot.

. . .

I was shooting the gun to warn him back, and I was surprised when it hit him.

. . .

. . . I did not take aim, I did not mean to hit him with the gun.

I aimed at nothing. I intentionally pulled the trigger. I did not intentionally shoot my husband. I intentionally pulled the trigger, thinking at the time that it would warn him back, not realizing that it was in the position to actually hit him. I am not saying to you, that I would not have shot to hit him, had he persisted in moving towards me. I am saying, at that

time, I was still trying to warn him. I meant for him to stay away from me. I was trying to warn him with a shot, with a sound, to make him know that I meant not to come towards me. I did not want to have to shoot him. I don't think I had time to even think about firing the weapon straight up in the air to make a sound that would have warned him. I just saw him there, up close to me, and fired.

Here all the evidence, including defendant's testimony, shows that the deceased was fatally wounded when defendant intentionally discharged her gun under circumstances naturally dangerous to human life. There was no evidence of an accidental discharge of the weapon. Defendant testified that she intentionally shot in the vicinity where her husband was standing, four to five feet from her, without taking aim, in self-defense, but without any intent to injure or harm him. She intended to warn him to stop advancing towards her. This could not be involuntary manslaughter. *State v. Ray, supra; State v. Brooks*, 46 N.C. App. 833, 266 S.E. 2d 3 (1980).

As there was no evidence presented in this case upon which a jury could base a verdict of involuntary manslaughter, it was error for the trial court to submit to the jury involuntary manslaughter as an alternative verdict.

The question for decision, then, is whether under the circumstances of this case that error was prejudicial to defendant. Our appellate courts have generally held that the submission of a lesser included offense not supported by the evidence is error favorable to the defendant and one for which he cannot complain on appeal. *State v. Ray, supra. Ray*, however, stands for the proposition that where "a reasonable possibility [exists] that defendant would have been acquitted had not the lesser offense been erroneously submitted, the error is prejudicial and defendant is entitled to appellate relief." *Id.* at 164, 261 S.E. 2d at 797. As stated in *Ray*, "the unwarranted submission of involuntary manslaughter in a homicide case involving a self-defense claim may often result in error prejudicial to a defendant." *State v. Ray, supra* at 167, 261 S.E. 2d at 799. We cannot conclude that the jury had rejected self-defense at the time it considered involuntary manslaughter. We therefore conclude that in this case, absent the erroneous submission of involuntary manslaughter, there is a reasonable

possibility that the jury would have returned a verdict of acquittal. The error complained of was therefore prejudicial to the defendant. N.C. Gen. Stat. § 15A-1443; *State v. Ray, supra.*

The defendant has been acquitted, in effect, of all degrees of homicide for which she was tried, other than involuntary manslaughter. That degree of homicide was not supported by the evidence and its submission to the jury as a possible verdict was error prejudicial to defendant. Therefore, the judgment of the trial court must be vacated and the defendant discharged.

Reversed and remanded.

Judges ARNOLD and HILL concur.