STATE OF NORTH CAROLINA v. LOWELL EDSELL SHEPARD

No. 825SC841

(Filed 1 March 1983)

**1. Homicide § 21.9— involuntary manslaughter — sufficiency of evidence**

The evidence was sufficient to support defendant's conviction of involuntary manslaughter where the evidence showed that defendant shot decedent with a pistol, both the State and defendant offered evidence that immediately following the shooting defendant stated that he had not known the pistol was cocked, and defendant testified that he stated he had not known the pistol was loaded, since the jury could find from this evidence that, while defendant intentionally pointed and shot the pistol, he did not intend to shoot a cocked or loaded pistol, and that he was culpably negligent in failing to ascertain, prior to shooting the pistol in the direction of decedent, whether it was cocked or loaded.

**2. Homicide § 28— self-defense — instructions on reasonableness of apprehension — refusal to instruct on reputation of decedent**

In an involuntary manslaughter prosecution in which defendant contended that he shot decedent in self-defense, the trial court did not err in refusing defendant's request for instructions on the violent reputation of decedent as bearing on defendant's reasonable apprehension of death or bodily harm where the court properly instructed the jury that in determining the reasonableness of defendant's apprehension the jury should consider whether decedent had a weapon in his possession and the reputation, if any, of decedent for danger and violence, and the instructions otherwise adequately informed the jury on the issue of self-defense.

**3. Criminal Law § 138— presumptive sentence — failure to find mitigating or aggravating circumstances**

The trial court did not err in giving the presumptive sentence without making findings of fact as to mitigating or aggravating circumstances. G.S. 15A-1340.4(b).

APPEAL by defendant from *Rouse, Judge.* Judgment entered 1 April 1982 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 10 February 1983.

Defendant appeals from a judgment of imprisonment entered upon his conviction of involuntary manslaughter.

*Attorney General Edmisten, by Associate Attorney William N. Farrell, for the State.*

*W. G. Smith and Bruce H. Jackson, Jr., for defendant appellant.*

WHICHARD, Judge.

Defendant contends the court erred in denying his motion to dismiss for insufficiency of the evidence. The State's evidence tended to show the following:

Decedent died from a gunshot wound in the right temple. Several witnesses observed a pistol lying between his feet. A police officer testified that the pistol was loaded but uncocked.

Several witnesses heard a shot from the area where decedent died, though none observed the shooting. Immediately after he heard the shot, however, one witness observed defendant where he "would have been standing right over the [decedent]." Less than a minute later this witness heard defendant say, "Oh, Lord, I didn't know it was cocked."

Defendant testified that he shot decedent. He stated, however, that decedent had a pistol between his legs, "pulled the slide back and pointed it in [defendant's] face" and said: "I am going to blow you away. I am not joking."

Defendant felt "absolute terror" because he knew decedent normally carried a weapon and had a reputation for using it. Decedent had told defendant he had shot a man in Virginia and a woman in Wilmington. Defendant had been with decedent when decedent had "[taken] out a pistol and shot down in the floor."

Defendant further testified he did not know his pistol was cocked, and that was exactly what he said after the shooting. He subsequently testified that he had said he did not know the pistol was loaded rather than that he did not know it was cocked. He did squeeze the trigger, but he did not think "there was anything to make it go off." His statement was, "Oh, Lord, I didn't know the gun was loaded."

[1] Defendant argues he could not be guilty of involuntary manslaughter because all the evidence showed his act was clearly intentional. He relies in part on *State v. Ray*, 299 N.C. 151, 261 S.E. 2d 789 (1980), as applied in *State v. Brooks*, 46 N.C. App. 833, 266 S.E. 2d 3 (1980). We disagree.

> Involuntary manslaughter "is the unintentional killing of a human being without either express or implied malice (1) by some unlawful act not amounting to a felony or naturally

dangerous to human life, or (2) by an act or omission con-
stituting culpable negligence." [Citation omitted.] "[T]he crime
of involuntary manslaughter involves the commission of an
act, *whether intentional or not*, which in itself is not a felony
or likely to result in death or great bodily harm." *[State v.]
Ray*, 299 N.C. at 158, 261 S.E. 2d at 794 (emphasis added).

*State v. Hall*, 54 N.C. App. 672, 674, 283 S.E. 2d 902, 903 (1981),
*cert. denied*, 307 N.C. 470, 299 S.E. 2d 225 (1983).

In *Ray*, defendant testified that he intentionally pointed the
gun at *and intentionally shot at* the decedent. *Ray*, 299 N.C. at
154-56, 261 S.E. 2d at 792-93. The evidence in *State v. Cason*, 51
N.C. App. 144, 275 S.E. 2d 221 (1981) and *State v. Brooks, supra*,
like that in *Ray*, showed that the defendants intentionally pointed
a gun at *and intentionally shot at* the victims. In those cases the
court found that there was no evidence to support a verdict of in-
voluntary manslaughter.

Here, by contrast, both the State and defendant offered
evidence that immediately following the shooting defendant
lamented that he had not known the pistol was cocked. Defendant
testified to an alternative lament that he had not known the
pistol was loaded. The jury could find from this evidence that
while defendant intentionally pointed and shot the pistol, he did
not intend to shoot a cocked or loaded pistol; and that his
shooting of a cocked or loaded pistol resulted from his handling
the pistol in a culpably negligent manner. It could find culpable
negligence on the part of defendant in his failure to ascertain,
prior to shooting the pistol in the direction of decedent, whether
it was cocked or loaded. Whether decedent's death resulted from
an intentional shooting in self-defense or an unintentional
shooting caused by defendant's culpably negligent failure to
ascertain whether the pistol was cocked or loaded, was properly
for the jury, *see State v. Hall*, 54 N.C. App. at 675, 283 S.E. 2d at
904, and the court would have usurped the jury's function had it
allowed the motion to dismiss.

[2] Defendant contends the court erred in refusing his request
for instructions on the violent reputation of decedent as bearing
on defendant's reasonable apprehension of death or bodily harm.
The court did, however, instruct that in determining the
reasonableness of defendant's apprehension the jury should con-

sider "whether . . . [decedent] had a weapon in his possession and the reputation, if any, of [decedent] for danger and violence . . . ." The instructions otherwise adequately informed the jury on the issue of self-defense, and we thus decline to find reversible error. *See State v. Rummage*, 280 N.C. 51, 54-55, 185 S.E. 2d 221, 224 (1971); *State v. Cole*, 31 N.C. App. 673, 677-78, 230 S.E. 2d 588, 591-92 (1976).

**[3]** Defendant contends the court erred in giving the presumptive sentence without making findings of fact as to mitigating or aggravating circumstances. "[A] judge need not make any findings regarding aggravating and mitigating factors . . . if he imposes the presumptive term." G.S. 15A-1340.4(b) (Cum. Supp. 1981).

No error.

Judges ARNOLD and HILL concur.