STATE OF NORTH CAROLINA v. CHARLIE WILLIS ODEN

No. 842SC223

(Filed 15 January 1985)

1. **Criminal Law § 43— use of diagram proper**

The trial court in a second degree murder case did not err in allowing a witness to testify with the aid of a diagram depicting the scene of the crime, since the diagram was identified by the witness as a fair representation of the location of the scene of a fight between defendant and deceased.

2. **Criminal Law § 74.1— confession—State's attack on exculpatory portions**

The trial court in a second degree murder case did not err in allowing the State to attack certain exculpatory portions of the defendant's confession which the State had introduced as evidence.

3. **Homicide § 21.9— voluntary manslaughter—sufficiency of evidence of excessive force**

Evidence in a homicide prosecution was sufficient for the jury to conclude that defendant used excessive force and he could therefore properly be convicted of voluntary manslaughter where the evidence tended to show that

deceased's face was caved in by successive blows with a metal bar; defendant testified that deceased verbally threatened him, gestured with a knife, and threw part of a brick at him; no knife was found; and a witness testified that defendant first knocked deceased down and then struck him three times on the face while he was flat on his back.

APPEAL by defendant from *Bruce, Judge*. Judgment entered 12 October 1983. Heard in the Court of Appeals 4 December 1984.

The defendant, Charlie Willis Oden, was tried on a bill of indictment charging that on 4 August 1983 he did unlawfully, willfully, and feloniously and with malice aforethought kill and murder William Earl Mack. The State proceeded against defendant on the charge of second degree murder. The jury found defendant guilty of voluntary manslaughter. The defendant appeals this judgment.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Sarah C. Young, for the State.*

*John A. Wilkinson for defendant appellant.*

ARNOLD, Judge.

[1]    The defendant contends that the trial court committed reversible error in allowing a witness, David Lawrence, to testify with the aid of a diagram depicting the scene of the crime. The witness testified that the diagram was a fair representation of the buildings around the intersection where the crime occurred. As he described what he saw and did on 4 August, he recognized and pointed to specific landmarks on the diagram. Although Mr. Lawrence seemed at one point confused, when he was asked to identify a position he moved to after running from the scene of the crime, which was not depicted on diagram, the rest of his testimony indicates that the diagram accurately depicted the area where Mr. Lawrence said he observed the deceased throw a brick at the defendant. *See* Brandis on North Carolina Evidence § 34 (1982). Our review of the record indicates that the diagram was identified by Mr. Lawrence as a fair representation of the location of the scene of a fight between the defendant and the deceased. Its admission was proper and did not prejudice defendant.

[2]    The defendant contends further that the trial court erred in allowing the State to attack certain exculpatory portions of the

defendant's confession, which the State introduced as evidence. The defendant confessed to police that he killed the deceased. Yet, in certain parts of his confession he said that he acted in self defense. The State produced expert forensic evidence and witness testimony that the deceased was not killed in self defense. This was proper under the rule of *State v. Williams*, 308 N.C. 47, 301 S.E. 2d 335, *cert. denied*, --- U.S. ---, 104 S.Ct. 202, 78 L.Ed. 2d 177 (1983):

> The introduction by the State of a confession of the defendant which includes such exculpatory statements, however, does not prevent the State from showing facts which contradict the exculpatory statements. The State is not bound by the exculpatory portions of a confession which it introduces if it introduces other evidence tending to contradict or rebut the exculpatory statements of the defendant contained in the confession.

*Williams*, 308 N.C. at 66, 301 S.E. 2d at 347 (1983).

The trial court properly ruled that the State could attack portions of the defendant's confession.

[3] Defendant contends finally that there was not sufficient competent evidence to convict the defendant of voluntary manslaughter. Voluntary manslaughter is the unlawful killing of a human being without malice and without premeditation and deliberation. *State v. Fleming*, 296 N.C. 559, 562, 251 S.E. 2d 430, 432 (1979). Self defense will excuse a killing if the defendant reasonably believed it necessary to kill the deceased in order to save himself from death or great bodily harm; defendant was not the aggressor; *and* defendant did not use excessive force. *State v. Norris*, 303 N.C. 526, 530, 279 S.E. 2d 570, 572-73 (1981) (emphasis added). "Excessive force" is "more force than was necessary or reasonably appeared to him to be necessary under the circumstances to protect himself from death or great bodily harm." *Id.*

The evidence in the present case was sufficient for the jury to conclude that excessive force was used. The deceased's face was effectively caved in by successive blows with a metal bar. Defendant testified that the deceased verbally threatened him, gestured with a knife, and threw part of a brick at him. No knife

was found. A witness testified that defendant first knocked the deceased down and then struck him three times on the face while flat on his back. The jury had sufficient evidence to conclude that the defendant used more force than was necessary under the circumstances to protect him from death or great bodily harm.

No error.

Judges WELLS and BECTON concur.