STATE OF NORTH CAROLINA v. LUIS MERCADO

No. 8412SC219

(Filed 5 February 1985)

**Homicide § 21.9— intentional shooting—submission of involuntary manslaughter error**

    Where defendant was charged with first degree murder of the man who allegedly raped his wife and on another occasion attempted to break into his home, the trial court erred in submitting involuntary manslaughter as a possible verdict, since the evidence established that defendant intentionally shot his victim with a sawed-off shotgun and the issue over which the State and de-

fendant disagreed was whether the shooting was done with an intent to kill or merely an intent to maim the victim; moreover, the error was prejudicial to defendant where there was a reasonable possibility that defendant would have been acquitted of other offenses submitted if the involuntary manslaughter issue had not been submitted.

APPEAL by defendant from *Bowen, Wiley F., Judge.* Judgment entered 15 December 1983 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 3 December 1984.

Defendant was charged in a proper bill of indictment with the first degree murder of Ruben Barrera. At trial, the State presented evidence which tended to show the following. On 27 August 1982, the defendant's wife was raped. In late November, she identified Ruben Barrera as the man who raped her. Barrera was arrested, and later released on bond. On 5 January 1983, Mrs. Mercado discovered Barrera attempting to break into her house again. She called defendant at work, and informed him of this incident. Later that afternoon, defendant saw Barrera near his home. Defendant then drove home, picked up a sawed-off shotgun, and went to Barrera's house trailer. He threw a rock through the trailer's window, and when Barrera emerged from the trailer, words were exchanged. Defendant fired one shot which struck Barrera in the groin area. Barrera died as a result of loss of blood from the gunshot wound.

When the police who were investigating the shooting learned that Barrera had been accused of raping Mrs. Mercado, they went to the Mercado residence, and asked defendant to accompany them to the police department for questioning. During interrogation, Mercado confessed to shooting Barrera.

Defendant presented evidence at trial which tended to show that he shot Barrera, but that he only meant to injure him, not kill him. He also presented numerous witnesses who attested to his good character.

The court submitted as possible verdicts, guilty of first degree murder, guilty of second degree murder, guilty of voluntary manslaughter, guilty of involuntary manslaughter and not guilty. The jury convicted defendant of involuntary manslaughter. From a judgment sentencing him to the presumptive term of three years imprisonment, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*James R. Parish for defendant appellant.*

ARNOLD, Judge.

The question presented by this appeal is whether, as defendant contends, the court erred in submitting involuntary manslaughter as a possible verdict, because there was no evidence presented to support its submission. It was error and defendant's conviction must be reversed.

"Involuntary manslaughter is the unintentional killing of a human being without malice, proximately caused by (1) an unlawful act not amounting to a felony nor naturally dangerous to human life, or (2) a culpably negligent act or omission." *State v. Redfern*, 291 N.C. 319, 321, 230 S.E. 2d 152, 153 (1976). Evidence presented, both by the State and by the defendant, tends to show that the defendant intentionally shot Barrera with a sawed-off shotgun. The issue over which the State and the defendant disagreed was whether the shooting was done with an intent to kill or merely an intent to maim the victim. We have carefully examined the record and have been unable to find any evidence which would support a finding that defendant's actions constituted an unlawful act not amounting to a felony, nor have we found any evidence which would tend to show that the victim was killed by a culpably negligent act. It was error, therefore, to submit the issue of whether defendant was guilty of involuntary manslaughter since there was no evidence in the record to support its submission. *State v. Ray*, 299 N.C. 151, 261 S.E. 2d 789 (1980).

Even if it was error to submit the offense of involuntary manslaughter to the jury, the State argues that such error was harmless because under the defendant's theory of the case he should have been convicted of a greater offense. Errors such as the one committed here are not always prejudicial, but our Supreme Court has held that where it appears that there is a "reasonable possibility" that the defendant would have been acquitted if the involuntary manslaughter issue had not been submitted, the error must be found to be prejudicial. *Id.*

Involuntary manslaughter is not a lesser included offense of first degree murder. *State v. Cason*, 51 N.C. App. 144, 275 S.E. 2d 221 (1981). As this Court has stated: "It is difficult to submit an offense which is not a lesser included offense when there is no evidence to support it and then determine that if the jury had not convicted of the offense submitted, they would have convicted of another offense which does not have all the elements of the offense of which the defendant was convicted." *Id.* at 146, 275 S.E. 2d at 222. Guided by these principles we believe that there is a reasonable possibility that defendant would have been acquitted of the other offenses submitted, had involuntary manslaughter not been submitted as a possible verdict.

Defendant has been acquitted of all degrees of homicide other than involuntary manslaughter. The charge of involuntary manslaughter was improperly submitted to the jury because there was no evidence to support it. This error was prejudicial. Therefore, the judgment of the superior court is reversed, and defendant is hereby ordered discharged.

Reversed.

Judges WELLS and EAGLES concur.