State v. Fournier

---

STATE OF NORTH CAROLINA v. JAMES FOURNIER

No. 843SC537

(Filed 5 March 1985)

**Homicide § 30.3— murder prosecution—submission of involuntary manslaughter— prejudicial error**

The trial court in a second-degree murder case committed prejudicial error in submitting involuntary manslaughter as a possible verdict where all the evidence showed that defendant intentionally shot the victim with a .22 caliber rifle and defendant contended that he acted in self-defense, and defendant is entitled to be discharged where the jury found defendant guilty of involuntary manslaughter and acquitted defendant of all other degrees of homicide.

APPEAL by defendant from *Strickland, Judge*. Judgment entered 28 March 1980 in Superior Court, CRAVEN County. Heard in the Court of Appeals 7 February 1985.

This is a criminal case in which defendant, James Fournier, was indicted and tried for first degree murder. From a verdict of guilty of involuntary manslaughter and a sentence of imprisonment, defendant appeals.

The essential facts are:

On 20 January 1980, defendant shot and killed Harold Jones, an acquaintance. Evidence at trial tended to show that Jones and Douglas Gaskins, defendant's brother-in-law, arrived together at defendant's trailer home. No one responded to Gaskins' knock or call and Gaskins left Jones inside defendant's trailer while he went across the street to look for defendant.

Defendant testified that he had seen Gaskins and Jones drive up but pretended that he was not home because he was afraid of Jones. Defendant went to lock his door and was surprised to find Jones already inside.

Jones allegedly told defendant that defendant had "sold him a pig in a poke" and that he was going to "burn" defendant, gesturing with his coat as if he had a gun. Defendant ran down the hallway to get his gun and saw Jones then holding a pistol. Defendant fired a shot from his .22 calibre rifle over Jones' head to "scare him." Defendant then directed Jones to drop the pistol and raise his hands. Jones pointed the pistol at defendant and defendant began firing his rifle at Jones.

In response to a call for an ambulance and police, Deputy Sheriff Hamilton, of the Craven County Sheriff's Department, arrived at the trailer park. Defendant then told the deputy, "Mr. Hamilton, I'm the one who shot him. He broke into my trailer with a gun." In checking Jones for vital signs, Deputy Hamilton discovered a .38 calibre pistol lying approximately 3 feet from Jones' body.

SBI Agent Mike Lewis testified as to the location within the trailer of defendant's .22 calibre rifle, the loaded .38 calibre pistol on the floor, ten spent .22 shells and three bullet holes fired from the hallway entrance by the .22 calibre rifle.

No fingerprints were found on the .38 calibre pistol and bloodstains on the pistol were not checked for type.

The .22 calibre rifle was confirmed as the homicide weapon and Dr. Walter Gable described 8 or 9 gunshot wounds in Jones' body and concluded that the fatal wound had penetrated the aorta. Most of the bullets had entered Jones' body from the left side.

Defendant presented evidence of self-defense at trial and testified that he had known Jones for 3 or 4 months, that Jones had pulled a pistol on him in the past and that he had reason to fear Jones because of a dispute over a drug transaction — the "pig in the poke." Defendant denied that he had "planted" the .38 calibre pistol for investigators to find.

The trial court instructed the jury on the possible verdicts of second degree murder, voluntary manslaughter, involuntary manslaughter and not guilty. Instructions were also given as to self-defense. In response to the jury's request for definitions of voluntary and involuntary manslaughter, the trial court briefly repeated the definitions.

The jury returned a verdict of guilty of involuntary manslaughter.

*Attorney General Edmisten, by Assistant Attorney General Robert G. Webb, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Malcolm Ray Hunter, Jr., for defendant-appellant.*

EAGLES, Judge.

The question presented by this appeal is whether the trial court committed reversible error in submitting involuntary manslaughter as a possible verdict, because there was no evidence presented to support its submission. It was error and defendant's conviction must be reversed and defendant discharged.

Involuntary manslaughter has been defined by our Supreme Court as "the unintentional killing of a human being without either express or implied malice (1) by some unlawful act not amounting to a felony or naturally dangerous to human life, or (2) by an act or omission constituting culpable negligence." *State v.*

*Wilkerson,* 295 N.C. 559, 579, 247 S.E. 2d 905, 916 (1978), *see also,* *State v. Redfern,* 291 N.C. 319, 321, 230 S.E. 2d 152, 153 (1976).

The record before us is absolutely devoid of any evidence that defendant shot Harold Jones "by some unlawful act not amounting to a felony or naturally dangerous to human life." Evidence presented by both the State and defendant tends to show that defendant intentionally shot Jones with a deadly weapon, a .22 calibre rifle, and that the wounds intentionally inflicted caused Jones' death. This was a felonious assault, G.S. 14-32, and was naturally dangerous to human life as is evidenced by Jones' death. Similarly, there is no evidence of "an act or omission constituting culpable negligence" since *the shooting* of Jones was an intentional act allegedly done in self-defense. It was error, therefore, to submit the issue of whether defendant was guilty of involuntary manslaughter since there was no evidence in the record to support its submission. *State v. Ray,* 299 N.C. 151, 261 S.E. 2d 789 (1980); *State v. Mercado,* 72 N.C. App. 521, 324 S.E. 2d 285, *petition for rev. allowed,* 313 N.C. 607, 330 S.E. 2d 614 (1985); *State v. Crisp,* 64 N.C. App. 493, 307 S.E. 2d 776 (1983); *State v. Martin,* 52 N.C. App. 373, 278 S.E. 2d 305, *rev. denied* 303 N.C. 549, 281 S.E. 2d 399 (1981); *State v. Cason,* 51 N.C. App. 144, 275 S.E. 2d 221 (1981); *State v. Brooks,* 46 N.C. App. 833, 266 S.E. 2d 3 (1980).

The State argues that the submission of a lesser included offense not supported by the evidence is error not prejudicial to the defendant. *State v. Vestal,* 283 N.C. 249, 195 S.E. 2d 297, *cert. denied,* 414 U.S. 874 (1973); *State v. Quick,* 150 N.C. 820, 64 S.E. 168 (1909). The reasoning behind the State's argument is that had the jury not been given the unsupported lesser offense as an alternative, it would have returned a verdict of guilty of a higher offense. *State v. Ray, supra.* The State's argument must fail for the reasons that follow.

Involuntary manslaughter is *not* a lesser included offense of murder or voluntary manslaughter. *State v. Cason, supra; State v. Mercado, supra.* As this court has stated:

It is difficult to submit an offense which is not a lesser included offense when there is no evidence to support it and then determine that if the jury had not convicted of the offense submitted, they would have convicted of another offense

which does not have all the elements of the offense of which the defendant was convicted.

51 N.C. App. at 146, 275 S.E. 2d at 222.

Finally, we reiterate the admonitions of Judge Webb in *State v. Cason, supra,* and Judge (now Chief Judge) Hedrick in *State v. Crisp, supra:*

> Our trial judges in homicide cases arising out of the alleged intentional use of a deadly weapon would be well-advised not to submit involuntary manslaughter as a possible verdict where there is no evidence to support it. In addition to committing . . . prejudicial error . . . the trial judge who submits involuntary manslaughter under these circumstances makes his duty of declaring and explaining the law arising on the evidence impossible to fulfill; in such a case, the court's instructions can only result in "confusion worse confounded."

64 N.C. App. at 498, 307 S.E. 2d at 780.

We note that N.C.P.I.—Criminal, 206.30 as it relates to second degree murder and lesser homicide offenses contains a cautionary note at footnote 1 which should be a warning adequate to prevent trial courts from submitting instructions on involuntary manslaughter when the evidence does not support the instruction.

Here, defendant has been acquitted of all degrees of homicide other than involuntary manslaughter. The charge of involuntary manslaughter was improperly submitted to the jury because there was no evidence to support it. This error was prejudicial. The judgment of the superior court in 80CRS715 is reversed, and defendant is hereby ordered discharged.

Reversed.

Judges ARNOLD and PARKER concur.