**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re*: **J.M. Jr., N.M., J.M., M.M., L.M., A.M., R.H., J.H., and T.H.**

**No. 16-0018** (Ritchie County 15-JA-1, 15-JA-2, 15-JA-3, 15-JA-4, 15-JA-5, 15-JA-6, 15-JA-7, 15-JA-12, & 15-JA-13)

## MEMORANDUM DECISION

Joint petitioner Mother R.M.-D. and Father K.H. ("Petitioners"), by counsel Judith A. McCullough and B. Scott Wolfe, respectively, appeal the Circuit Court of Ritchie County's December 31, 2015, order terminating their parental and custodial rights to two-year-old R.H., and their custodial rights to sixteen-year-old J.M. Jr., fifteen-year-old N.M., thirteen-year-old J.M., ten-year-old M.M., seven-year-old L.M., and sixteen-year-old A.M. ("the M. children").[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Michael D. Farnsworth Jr., filed a response on behalf of R.H. in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Charles E. Stalnaker, filed a response on behalf of the M. children in support of the circuit court's order. Petitioners filed a reply. On appeal, petitioners allege that the circuit court erred in denying their joint motion for a post-adjudicatory improvement period and erred in terminating their parental and custodial rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2015, Child Protective Services ("CPS") received a referral that petitioners' residence lacked proper heat. Thereafter, CPS, with the assistance of the West Virginia State Police, conducted a home visit. Upon an investigation of petitioners' residence, the CPS worker observed that petitioners were using space heaters and their oven to heat their

---

[1]Petitioner R.M.-D. is the biological mother of all of the M. children and R.H. Petitioner K.H. is the biological father of R.H., J.H., and T.H., only.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

residence. During the investigation, three plastic bottles were discovered inside petitioners' wood stove, which were later determined to be "vessels for making methamphetamine." The CPS worker also observed that the residence was in a general state of disarray, including dirty dishes throughout and raw meat in a freezer. While petitioner mother initially denied any knowledge of the methamphetamine material in the wood stove, she later confessed that she was aware of the material and that petitioner father had been producing methamphetamine for one year. Based upon this investigation, the DHHR filed a petition for abuse and neglect.[3] The following month, the DHHR filed an amended petition for abuse and neglect to include J.H. and T.H. and additional allegations of education and medical neglect related to the children.

In June of 2015, the circuit court held a series of adjudicatory hearings and found that petitioners abused and neglected R.H. by exposing her to the production of methamphetamine in their residence and for failing to provide a suitable residence with an appropriate heat source. The circuit court further found that petitioners abused and neglected L.M. through educational neglect and failed to provide L.M. proper clothing and hygiene. Thereafter, the circuit court ordered petitioners to submit to drug screens and granted petitioners visitation with their children. Afterwards, petitioners filed a joint motion for a post-adjudicatory improvement period.

Beginning in July of 2015, the circuit court held a series of dispositional hearings and considered petitioners' joint motion for a post-adjudicatory improvement period. The circuit court denied this motion upon a finding that petitioners failed to acknowledge the conditions of abuse and neglect and failed to avail themselves of housing services. The circuit court also terminated petitioners' parental and custodial rights to R.H. and their custodial rights to the M. children upon a finding that there was no reasonable likelihood that petitioners could substantially correct the conditions of abuse and neglect. Petitioners appeal from this dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if

---

[3]Petitioners were charged with felony exposure of methamphetamine manufacturing to R.H., and subsequently arrested. Upon review of the appendix record it appears that the M. children were living with their paternal grandparents at the time the petition was filed. By order entered April 30, 2015, the Family Court of Wood County placed the M. children in a guardianship with their paternal grandparents.

the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, we find no error in the circuit court's denial of petitioners' joint motion for a post-adjudicatory improvement period or in termination of petitioners' parental and custodial rights.

Pursuant to West Virginia Code § 49-4-610(2), a circuit court may only grant a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." In the instant matter, the circuit court denied petitioners' joint motion for a post-adjudicatory improvement period upon a finding that they failed to acknowledge the conditions of abuse and neglect and failed to "avail themselves of any of the resources available to [them] in order to correct the problems and deficiencies." While petitioners argue on appeal that they acknowledged the abuse and neglect and presented sufficient evidence that they would fully participate in the improvement plan, the record clearly shows that at the dispositional hearing, petitioners continued to minimize the allegations and failed to take advantage of services offered by the DHHR. The circuit court made several findings regarding petitioners' inability to satisfy this burden, including evidence that they blamed others for their inability to secure appropriate housing, declining to seek alternative housing through the DHHR's recommendations, and telling services providers that they did not need parenting classes. Moreover, West Virginia Code § 49-4-610(2) provides circuit courts with discretion in ruling on motions for improvement periods. As such, we find no error in the circuit court denying petitioners' joint motion for a post-adjudicatory improvement period.

Related to this assignment of error, petitioners argue that the circuit court's order denying them an improvement period frustrated and disregarded the goals of child abuse and neglect cases. We disagree. We have previously held that

"[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). For the same reasons already discussed, we find that the failure to grant petitioners a post-adjudicatory improvement period does not substantially disregard or frustrate the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes.

Next, petitioners assign error to the circuit court's termination of their parental and custodial rights without employing a less-restrictive alternative, pursuant to West Virginia Code § 49-6-5(a) and our holding in syllabus point one of *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d

114 (1980).[4] Petitioners' argument fails to consider our directions regarding termination upon findings that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights when they find that there was no reasonable likelihood that a parent could substantially correct the conditions of abuse and neglect in the near future and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . [has] not responded to or followed through with . . . other rehabilitative efforts[.]" At the time of disposition, petitioners continued to have no suitable means to provide an appropriate shelter for these children and failed to seek parenting services and drug counseling. The evidence established that that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon such findings. Therefore, no less-restrictive dispositional alternatives were necessary.

Related to this assignment of error, petitioners assert that the circuit court erred in considering the DHHR's November 2, 2015, report as evidence. Specifically, petitioners contend that the report was not properly admitted during the underlying proceedings and was submitted after the dispositional hearings. While we acknowledge that the report was dated several weeks after the final dispositional hearing, the record is devoid of any evidence that the DHHR's report was made part of the underlying proceeding or that the circuit court relied upon this report in rendering its decision. Importantly, the circuit court's order notes that it relied upon the testimony presented during the final dispositional hearing and all previous testimony in making its findings of fact and conclusions of law. Therefore, we see no reason to disturb the circuit court's ruling.[5]

---

[4]This Court previously held that

> [a]s a general rule the least restrictive alternative regarding parental rights to custody of a child under W.Va. Code [§] 49-6-5 (1977) will be employed; however, courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements.

Syl. Pt. 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

[5]Upon a careful review of the appendix record on appeal, we observe that the circuit court failed to make any findings of fact or conclusions of law related to petitioner father's parental, custodial, and guardianship rights to J.H. and T.H. This issue was not raised in this appeal, thus

(continued . . .)

For the foregoing reasons, the circuit court's December 31, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**:  **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

we decline to formally address it. However, to the extent that the circuit court may have failed to address this issue, it should enter an order with findings of facts and conclusions of law as it relates to J.H. and T.H.